All right, counsel. Good morning. Good morning to the court Christopher Constantine for the appellant. We're asking the court this morning to address pair the district courts Interpretation of paragraph 6 of the orders for protection. We maintain that that's a controlling issue in this case the district court interpreted paragraph 6 of the orders for protection as referring Only to the paved portion of the right-of-way. That's at excerpts of record 19 and 23 Without that construction, it would have been impossible for the district court to conclude that mr. Soderlind had committed a crime the district courts Construction of paragraph 6 in effect substituted the word roadway For Socoma Boulevard in the exception in paragraph 6 of the orders for protection Turning to the handout that we provided on page 2 line 17 We have the exact language of the exception in the orders for protection It's except such portion of said tidelands lying within Socoma Boulevard now Southwest 172nd Street for the court's information Socoma Boulevard Now known as Southwest 172nd is an 80 foot wide Public right-of-way established in 1907 and it bored borders the eastern boundary of Puget Sound You can find that at excerpts of record 34 to and excerpts record 235 the difficulty that we have with the district or with the district courts of Construction of paragraph 6 is that there are no tidelands within the roadway so that If Mr. Soderlind Were to follow this he would only be allowed to Step into the tidelands that are located on the pavement. There are no tidelands on the pavement Therefore, mr. Soderlind has no right to enter Southwest 172nd at all if there were such tidelands He would only be allowed to step into the wet spots on the roadway. That's an absurd construction We maintain it was unreasonable for the King County Deputies to interpret paragraph 6 as limiting. Mr Soderlind's right to travel only on the paved portion of Southwest 172nd as a result of the district courts ruling On paragraph 6. Mr. Soderlind Effectively forever is denied access to any portion of the 80-foot thoroughfare known as Socoma Boulevard If that had been the King County Superior Court's intent when it wrote those orders, it would have been unnecessary For the court to write an exception Counsel, what is our standard of review in this case in terms of your argument regarding the interpretation of paragraph 6? interpretation of an order of protection invokes the rules of construction for Orders and contracts. It's a de novo review The District Court used its interpretation of paragraph 6 to to reject Mr. Soderlind's First Amendment claim and also by concluding that its interpretation of paragraph 6 was reasonable It allowed the district court to conclude that the King County defendants had probable cause to arrest. Mr Soderlind, well, let me ask you this counsel because it's there's no clarity in the record nor has any court ever Been very specific as to where in that 80 feet The boundaries really lie. Is it part? Is it just the roadways at part of the sand? so is it isn't it too much to then require the officers to Interpret it in the way that you suggest when no court or any evidence in the record Clarifies it to set the boundaries in the way you suggest. They made no attempt to inquire Previous efforts Previous incidents involving. Mr. Soderlind and the King County Sheriff resulted in the King County Sheriff calling King their their client, which is the city of beer in code enforcement They and and inquired of the code enforcement officer It would have taken five minutes for them to figure out what those orders for protection mean It's it's not a complicated effort Language in that phrase except such portion of said tight lands Lying within Socoma Boulevard put the officers on notice that they needed to do additional research What would have put them on notice that this was not clear? There was a robust record in the in on the in the records of the King County Sheriff over this decade long dispute between Mr. Soderlind and the complaining witnesses So this was not their first day on the beach, so to speak I was just well put in those records would have Well, we would have to assume they knew about the records, but I'm just curious just looking at that It doesn't to me alert someone that they need to do a record search The difficulty that that that's posed by your question is it assumes that the officers read the orders for protection They did not well at least one one read But we don't know when he read it whether it was before or after the arrest the record doesn't Reveal that the arresting officers Manzanera's and and and Garski did not read the orders for protection And they then therefore they hadn't they were ignorant of the the existence of paragraph six So it's an academic question. So but that's your argument. Is that the paragraph six is the pivotal? Issue in this case and the interpretation of it. So that's why I was Asking you what about I think I think that the responsible thing would have would have been to number one asked. Mr Soderlund number two asked the code enforcement officer a very Minimal effort would have been required to get the accurate knowledge of what is read Met meant by that by that language. Has anyone ever confirmed? your Interpretation of what this phrase me is why we are here today we are advocating a Construction we're attacking. We're challenging the district courts construction of paragraph six We advocate a construction of paragraph six that tracks the language Remember a Support or Socoma Boulevard is an 80-foot wide thoroughfare been there since 1907 the the eastern 12 feet are Covered by the paved portion of Southwest 172nd go west about 20-25 feet There is a combination of structures built by the property owners on the east side of 172nd parking pads Cabanas barbecues, whatever. It's the remaining 40 feet. That is tidelands and What we advocate is the construction that allows mr Soderlund the right to access those tidelands like he's done all his life like his father did before him and his grandfather did before Him we have some may I ask you in the alternative? Alternative the district court held that the offices were entitled to qualified immunity. Do you take issue with that rule? Absolutely by failing to read the orders for protection under beer versus Lewiston they they forfeited thereby to Qualified immunity also by ignoring exculpatory evidence for officers Never communicated one word with mr. Soderlund. They ignored exculpatory evidence. They didn't call the What was the exculpatory evidence that was ignored? Mr. Soderlund could have given his side of the story He would have given them accurate information as to the history of that Order of the history of his use of the public character of the of the Property so they simply avoided and and that under this court's decisions in Arpin in fronts in Bon Vicino and in struckman Well, I wrote I wrote Arpin. It was a little different but Arpin was a little different Struckman was a the court said ask a few simple questions Nobody asked a few simple questions of my client Counsel, may I ask you? We also argue that can I ask you another question? Do you give any credence at all to the collective knowledge doctrine? No Because the Harper case and the man's case Which the court relied upon didn't involve Enforcement of orders for collection Remember that in in in beer versus Lewiston this court said the requirement is actual knowledge How do you how do you compare? Collective knowledge with the Fourth Amendment's requirement of actual knowledge But if we have no case we we have no case we know they have a site of no case We know of no case where the collective knowledge doctrine was applied in an action involving Enforcement of an order for collection order for protection. Thank you counsel. You've exceeded. Well, you have two seconds We'll give you a minute for rebuttal. Thank you Good morning, please the court My name is Kimberly Frederick and I represent King County and the officers Aaron Garski John Holland and Mike Manzanaro, did you step a little closer to the mic here? Your voice is a little soft And we're asking that the district courts ruling be affirmed after three years of her out after years of harassment by Mr. Sutherland's three neighbors. I mean by mr. Sutherland three of his neighbors Cynthia Hart Christine Barton and Ursula Hi obtained anti harassment protection orders in King County Superior Court, which prohibited. Mr Sutherland from keeping his neighbors under surveillance Contacting them coming within eight feet of their residence except to use Southwest 172nd Street Yelling or swearing at them or entering upon the beachfront portions of their property on the anti harassment order hearing on December 15th 2011 where mr Sutherland could and could not go was discussed at length the current transcript from that hearing is included in the record and its supplemental excerpt of record at 413 mr. Sutherland's attorney summarized that if mr. Sutherland was on the road in front of his neighbors homes He would not be in violation of the orders But if he was off of the road in front of their houses He was in violation of the orders all three neighbors reported to the police that on July 14th 2013 mr. Sutherland had been on the beachfront portions of their property in order to get to a boat that was moored offshore Counsel counsel for mr. Sutherland indicates that there's a lack of clarity in the record as to whether any officer Reviewed the order in particular paragraph 6 whether they reviewed prior to or after the arrest Can you clarify that record? And and if the record isn't clear, does that make a difference? Both deputy Miller and detective Holland in er 78 and er 76 in their declarations Indicated that after speaking with Cynthia Hart and Christine Barton that they verified the actual conditions of the anti-harassment Orders before they determined probable cause and they were also certain to ask both of those neighbors whether or not Mr. Sutherland had been on the road or if he had been off of the road because they wanted to make sure that they were not complaining about Behavior that was not prohibited by the anti-harassment order So there's a lot of discussion regarding the district courts interpretation of the Conditions of the anti-harassment orders, but the relevant inquiry is not how the district court interpreted the orders for probable cause the inquiry is how the officers interpreted the condition of the anti-harassment orders and whether under the totality of the officers position would conclude that Violation of the orders had been committed and whether the orders were valid and served For the First Amendment the inquiry is whether or not the officers intended to chill. Mr Sutherland's right to assemble. This is what the officers knew they had three separate corroborating accounts of Mr. Sutherland crossing his neighbor's beachfront property in order to get to a boat out in the water There was a video that appeared to show mr. Sutherland walking Some portion of that beach is public access property. So open everybody, right? There is an 80-foot right-of-way. However, um Probable cause is a common-sense standard that's used by officers in the field. No, no. No, I'll get to come. I'm just Geographically How far from the complainants houses Does their property extend into the beach? There is it's possibly addressed in the property owners Briefing but as far as King County is aware, we did not measure the 80-foot right-of-way We only know that there is an 80-foot historic public right-of-way That is that 172nd Street? I believe so. All right Does what does that 80-foot right-of-way? Get to the sand on the beach It's possible that it does but the question is where was mr. Sutherland in relation to the order that was was Issued by the court so and your position is if he's not on the paved portion, he's trans he's trespassing That was the discussion that happened at the time of the issuance of the anti-harassment orders That was the understanding of the court. That was the understanding of mr. Sutherland's counsel and it was apparently the understanding of mr Sutherland and the what I've heard today is that the paved portion is only a fraction of the public right-of-way but when people have that correct I Agree with your learned friend that I think anywhere from 12 to 28 plus 28 is Paved and the rest is not paved. I believe that part of the right-of-way could even be on the portion the non beachfront portion of the The street, I don't really know where where the right-of-way the extra right-of-way falls outside of the pavement So I don't know if it's even on both sides. You don't know how would mr. Solder can know? Well, and how would the police know and how would the the court know what the court decided to be enforced if nobody knew Because when you look at the the order that was issued and you listen to the discussion that happened in the courtroom There was a lot of legal language because I think that legal language was dropped into the order Regarding the property where the property lines fell when the court was actually having a common-sense discussion with the people in the courtroom the The the judge allowed mr. Sutherland to use 172nd in order to get to and from his house, but prohibited him from being on the near the houses or on the beaches of the Complaining parties counsel. I was trying to find er 76 and 78 and you said they were declarations, but It looks like that's some testimony Maybe I have the wrong page. I'm sorry. I might have miss spoke I'm sorry, I believe it's um, it's er 89 for deputy Holland and Er 117 for for deputy Miller. I misspoke. What was it was er for deputy Holland was what page? Um 89 and Miller was 117. Okay. Thank you It's your argument counsel that even if the anti-harassment orders may be Different or run afoul of the 80-foot easement what the court intended was the limit. Mr Sutherland to 172nd Street and the officer relied on that in making their probable cause determination, correct? So because if they're I understand the argument, but it this may be outside the record. Is there litigation? ongoing to establish Where exactly the 80-foot easement lie? Well as part of the settlement of this case King County's understanding is the property owners and mr. Sutherland Settled and the Anti-harassment the permanent anti-harassment orders that were issued after the one in this case are not going to be challenged anymore So it's King County's understanding that that issue is not being litigated any further and that the the orders are in place permanently So then the question that we're left with is whether the officers Reasonably interpreted this language in the anti-harassment orders as being limited to 172nd Street, correct So as far as As far as what the officers knew they had the corroborated accounts they had video they had valid served orders that appeared to prohibit Mr. Sutherland from being on the roadway From being on the property but not on the roadway and there is also a verification that he was not traveling on The street in front of their houses. There was actually no duty to further investigate once they had Determined a probable cause and there was no Constitutional requirement that they go to mr. Sutherland to have him explain why he should not have to follow the orders Are you going to address the question of whether he was? legitimately arrested Without a warrant on his curtilage. Yes claim curtilage So on the under the Fourth Amendment the done factors are used to establish whether curtilage is Whether an arrest took place on curtilage and that entails the proximity of the claim curtilage area to the home Whether it's included in the area surrounding the home the nation's nature of the use as to what it was put and the steps Taken to protect that area Included in the record are pictures And I have a citation to those pictures at SCR 843 and 849 and we ask that you take judicial notice of those under US v. Peret array In looking at those pictures It's clear that the parking area is the far is at the far end of the property opposite from the home The parking area is not included in the enclosure surrounded the home It's separated from the house in the yard by a row of storage buildings The parking area is clearly used for the storage of cars and equipment and it's not an area to which the area Activity of home life extends and it's not screamed from the street. It's clearly visible to people passing by in Southwest 71st Street 171st Street, there's no reasonable expectation of privacy in that parking area and because the done Factors are not satisfied. The court was not an error in determining that it did not qualify as curtilage Under state law no warrant is required because it's an exception to the warrant requirement the officers are entitled to both qualified and statutory immunity statutory immunity under RCW 1031 100 section 15 Because you've exceeded your time. So if you could wrap up, please Does the court have any questions about any of the other issues? It appears not. Okay. Thank you. Thank you counsel Rebuttal Counsel before you begin if I do you take issue with the declarations from officers Holland and Miller where they seem to say that they read the protective order including The exception for the street. Do you take issue with those declarations? I looked at that in depth and The incident reports and the follow-up reports and it was not clear in my mind at what point Did did Holland I hadn't didn't look with regard to Miller because Miller didn't really play much of a role in in our analysis but Holland didn't Indicate whether or not he had read the order for protection prior to the morning of the 16th Well, it appears that he says he read it prior to the arrest. I Don't understand. I don't read it. Oh, you don't read it that way I don't know regarding regarding the the question of interpretation of the of the orders for protection there's some discussion about what was said in the Hearing on the orders back in December of 2011. There was a discussion about the roadway That discussion is taken out of context and in any event There is no reflection of that discussion in the actual order itself there's no mention of Just the paved roadway if that was the judge st. Clair's intention when he wrote the orders Why didn't he put stay on the roadway only he didn't do that He carefully wrote out what was accepted and what was accepted is the tidelands Within that 80-foot wide expanse approximately 40 feet the western 40 feet of that 80 feet All right counsel. Thank you Thank you to both counsel. The case just argued is submitted for decision by the court
judges: Rawlinson, Bea, Nguyen